Adam Hosmer-Henner (NSBN 12779)
Katrina Weil (NSBN 16152)
**McDONALD CARANO LLP**
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
ahosmerhenner@mcdonaldcarano.com
kweil@mcdonaldcarano.com

Susan P. Elgin *(Admitted Pro Hac Vice)*
**FAEGRE DRINKER BIDDLE & REATH LLP**
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
susan.elgin@faegredrinker.com

*Attorneys for Defendant*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ROOPINDER GORAYA,

Plaintiff,

v.

INFOSYS LIMITED,

Defendant.

Case No. 2:26-cv-01065-ART-EJY

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS**

Pursuant to FRCP 12(b)[1], the Nevada Uniform Arbitration Act, NRS 38.206 et seq., and the Federal Arbitration Act, 9 U.S.C. § 4, Defendant Infosys Limited ("Infosys") petitions this Court to compel arbitration of Plaintiff Roopinder Goraya's ("Plaintiff" or "Goraya") claims. This Motion is based on the following memorandum of points and authorities, the declaration of Joanne Polanowski,

[1] While FRCP 12(b) does not explicitly refer to motions to compel arbitration, courts in the Ninth Circuit deem motions to compel arbitration as responsive pleadings in the form of FRCP 12(b) motions, and Infosys submits the instant motion as such. *See Cline v. Etsy, Inc.,* No. 2:15-CV-2115-JCM-VCF, 2016 WL 3002369, at *9 (D. Nev. May 23, 2016); *Lemberg v. LuLaRoe, LLC*, No. ED-CV-17-02102AB(SHKX), 2018 WL 6927836, at *2, 3 (C.D. Cal. Mar. 1, 2018); *Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 WL 3791438, at *1 (D. Or. July 19, 2013); *Dog Training Elite Franchising LLC v. Unbound Ventures LLC*, No. CV-24-01861-PHX-SMM, 2025 WL 918358, at *2 (D. Ariz. Mar. 26, 2025); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (affirming motion to compel arbitration under Rule 12(b)(3)).

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

attached as **Exhibit A** ("Polanowski Declaration"), the offer letter (**Exhibit B**), the Mutual Arbitration Agreement (**Exhibit C**), the acceptance of that Arbitration Agreement (**Exhibit D**), and any oral argument or other matters the Court may deem appropriate.

Infosys requested Plaintiff's position on this motion on June 5, 2026 and again on June 16, 2026, and Plaintiff's counsel has not indicated Plaintiff's position. Therefore, Infosys had no choice but to proceed with filing this Motion to Compel Arbitration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Roopinder Goraya, a former employee of Defendant Infosys Limited, alleges that Infosys interfered with his rights under the Family Medical Leave Act ("FMLA") by discharging him while he was on leave to care for his son's serious health condition.

This dispute is subject to a valid and enforceable arbitration agreement, which clearly advised Plaintiff that he was waiving certain rights and explained that arbitration would be the sole and exclusive forum for any remedies against Infosys. Indeed, by executing the arbitration agreement, the parties waived "ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE, [OR] A JURY OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT." The arbitration agreement conspicuously provides that covered disputes include claims related to local, state, and federal employment statutes, including the Family and Medical Leave Act of 1993, the lone statute for which Plaintiff attempts to assert liability against Infosys in this lawsuit. Therefore, the arbitration agreement applies to all claims made here.

Instead of honoring his written commitment, Plaintiff filed this Complaint in the United States District Court for the District of Nevada. He has since refused the undersigned counsel's request to voluntarily proceed in arbitration. In light of the overriding public policy in favor of arbitration under both Nevada and federal law, the existence of a valid and enforceable arbitration agreement, and the clear applicability of the arbitration agreement to Plaintiff's claims, this Court should stay the litigation and compel arbitration between the parties.

/ / /

/ / /

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## II. BACKGROUND AND PROCEDURAL HISTORY

On June 20, 2017, Infosys provided Plaintiff with an offer of employment to serve as Principal Consultant in the Palo Alto, California location.[2] (Ex. A, Polanowski Decl., Ex. B, Offer of Employment). Notably, the offer letter explicitly stated that Plaintiff's employment with Infosys was contingent upon Plaintiff's acceptance of a Mutual Arbitration Agreement, which was appended to the offer letter ("Arbitration Agreement"). (Ex. A, Polanowski Decl.; Ex. C, Mutual Arbitration Agreement). Infosys provided Plaintiff with an opportunity to review the Offer of Employment and Arbitration Agreement.

Plaintiff acknowledged that he "read, underst[ood], and accept[ed] all the terms and conditions contained in th[e] offer letter and attached annexures," which included the Arbitration Agreement, on June 20, 2017 at 12:35 p.m. (Ex. A, Polanowski Decl.; Ex. D, Acceptance of Offer of Employment).

The Arbitration Agreement provides, in pertinent part, that Infosys and Plaintiff "agree to arbitrate before a neutral arbitrator any and all existing or future disputes or claims . . . that arise out of or relate to Employee's recruitment, employment or separation from employment with Infosys." (Ex. C, Mutual Arbitration Agreement). The Agreement also provides that the parties "understand and agree that the arbitrator's decision will be final and binding on both Infosys and Employee[.]" (*Id.*). Specifically, the Arbitration Agreement expressly applies to any claims brought under the FMLA, as is relevant here. (*Id.*). The Arbitration Agreement specifies that it is governed by the Federal Arbitration Act ("FAA"). (*Id.*).

The Arbitration Agreement is comprehensive and contains numerous provisions to ensure claims are resolved through individual arbitration in a manner that is fair to claimants and does not deprive them of the relief they would otherwise recover in court. (*Id.*). For example, the Arbitration Agreement allows for any demand for arbitration to be filed within the statute of limitations under applicable law. (*Id.*). Moreover, "to the extent required by law Infosys will bear the arbitrator's fee

---

[2] Plaintiff later relocated to Clark County, Nevada. (ECF No. 1, ¶¶ 3, 5).

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

and any other type of expense or cost that the Employee would not be required to bear if the dispute or claim was brought in court, as well as any other expense or cost that is unique to arbitration." (*Id.*).

The Arbitration Agreement states that the arbitration will be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association (the "AAA Rules"). (*Id.*). And, the Arbitration Agreement provides that the arbitration shall take place in the county in which Plaintiff "worked at the time the arbitrable dispute or claim arose." (*Id.*).

While the arbitration will be conducted pursuant to the AAA Rules, the Arbitration Agreement permits written and oral discovery authorized under the Federal Rules of Civil Procedure. The Arbitrator has jurisdiction to hear and rule on pre-hearing disputes, to hold pre-hearing conferences, and to entertain motions to dismiss and motions for summary judgment. (*Id.*).

The concluding section of the Arbitration Agreement, entitled "KNOWING AND VOLUNTARY AGREEMENT," states in capitalized, unambiguous writing:

> WE UNDERSTAND AND AGREE THAT WE HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF OUR OWN CHOOSING BEFORE ACCEPTING THIS AGREEMENT, AND WE HAVE HAD AN OPPORTUNITY TO DO SO. WE AGREE THAT WE HAVE READ THIS AGREEMENT CAREFULLY AND UNDERSTAND THAT BY SIGNING IT, WE ARE WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE, A JURY OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.

(*Id.*). Plaintiff accepted and agreed to the Arbitration Agreement when he electronically accepted his Offer of Employment, including its attachments, on June 20, 2017. (Ex. D, Acceptance of Offer of Employment).

Notwithstanding the Parties' agreement to arbitrate, Plaintiff filed the instant lawsuit on April 7, 2026. (ECF No. 1). In his Complaint, Plaintiff alleges a single statutory claim of interference with FMLA rights in violation of 29 U.S.C. § 2615(a)(1). (*Id.*). Plaintiff's claim is indisputably covered under the clear and unambiguous terms of the Arbitration Agreement that he agreed to be bound by, and, therefore, his case must be submitted to binding arbitration.

On June 5, 2026, the undersigned counsel informed Plaintiff's counsel of Infosys's intent to enforce its rights under the Arbitration Agreement and requested that Plaintiff voluntarily assent to

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

proceed in private arbitration with the AAA. The undersigned counsel followed up again on June 16, 2026. Plaintiff has, to date, declined to proceed in arbitration.

**III. ARGUMENT**

Under the FAA, a party may petition for an order to compel arbitration under a written arbitration agreement in "any United States district court which, save for such agreement, would have jurisdiction under Title 28 [ ] in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4. Under the FAA, a written provision in a contract "to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA codifies a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also L&M Creations, Inc. v. CRC Info. Sys.*, No. 2:10-cv-00685-GMN-GWF, 2011 WL 1103636, at *5 (D. Nev. Mar. 23, 2011) ("In Nevada, 'strong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation,' and arbitration clauses are generally enforceable.") (citation omitted); *Durbin v. Great Basin Primary Care*, No. 3:11-cv-299-RCJ-WGC, 2012 WL 78158, at *5 (D. Nev. Jan. 10, 2012) ("Nevada courts resolve all doubts concerning the arbitrability of the subject matter of a dispute in favor of arbitration.") (quotations omitted).

Under the FAA, a district court's role is limited to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the dispute at issue. *Williford v. Covenant Care Vegas, Inc.*, No. 2:21-CV-2203-GMN-NJK, 2022 WL 16527720, at *3 (D. Nev. Oct. 28, 2022). If both elements are satisfied, the FAA requires the Court to enforce the agreement in accordance with its terms. *Id.* Because Infosys satisfies both elements, the Court should compel arbitration.

**A. A Valid Agreement to Arbitrate Exists.**

Here, there is no dispute that the Parties have a clear and valid written Arbitration Agreement that was mutually agreed upon by both Parties when Infosys made its Offer of Employment to

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Plaintiff and Plaintiff accepted the Offer, thereby agreeing to the Arbitration Agreement. (Ex. D, Acceptance of Offer of Employment).

Further, the Arbitration Agreement provides a detailed description of the arbitration process, outlines how the Plaintiff should file a claim, the relief available in arbitration, the effect of the arbitration award, and the law governing the arbitration. The Arbitration Agreement also specifies that the AAA is the organization that the parties must use to administer the arbitration. Thus, the Arbitration Agreement goes above and beyond what is required by the courts and properly informed Plaintiff that arbitration would govern all claims arising out of his employment with Infosys.

There is no confusion surrounding Plaintiff's receipt and assent to the Arbitration Agreement. Plaintiff was provided with ample time to review the Arbitration Agreement and expressly assented to its terms when he accepted his Offer Letter and its attachments. (Ex. D, Acceptance of Offer of Employment). The Arbitration Agreement unquestionably informed Plaintiff that he had waived his right for his claims to be heard in court and to a jury and that instead, his claims would be subject to arbitration.

**B. Plaintiff's Single Claim Is Within the Scope of the Arbitration Agreement.**

Since a valid arbitration agreement exists, "the FAA then limits courts to determine whether the agreement encompasses the disputes at issue." *Williford*, 2022 WL 16527720, at *6. The strong federal policy favoring arbitration requires courts to "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Consistent with that strong federal policy favoring arbitration, "[f]ederal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration." *Id.* (citing *Moses H. Cone,* 460 U.S. at 24).

Here, the allegations in the Complaint indisputably arise directly from Plaintiff's employment relationship with Infosys, and as such, are subject to arbitration. Here, the Arbitration Agreement explicitly identifies the statute upon which Plaintiff brings his sole claim: the Family and Medical Leave Act of 1993. (Ex. C, Arbitration Agreement). The language is clear and unambiguous that Plaintiff's single claim for FMLA interference is covered by the Arbitration Agreement. Thus, the Arbitration Agreement between the parties is dispositive of this issue and mandates that Plaintiff's

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

claims be submitted to arbitration. As a result, Plaintiff's lawsuit against Infosys must be stayed and the matter must be compelled to arbitration.

## IV. CONCLUSION

As described above, Nevada law requires Plaintiff Roopinder Goraya to arbitrate this matter. Infosys asks the Court to enter an order staying this case and compelling Mr. Goraya to arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

**DATED**: June 22, 2026.

**McDONALD CARANO LLP**

By: /s/ *Adam Hosmer-Henner*
Adam Hosmer-Henner (NSBN 12779)
Katrina Weil (NSBN 16152)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
ahosmerhenner@mcdonaldcarano.com
kweil@mcdonaldcarano.com

FAEGRE DRINKER BIDDLE & REATH LLP
Susan P. Elgin *(Admitted Pro Hac Vice)*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
susan.elgin@faegredrinker.com

*Attorneys for Defendant*