# EXHIBIT C

Mutual Arbitration Agreement

**ATTACHMENT 2**

**MUTUAL ARBITRATION AGREEMENT**

This Mutual Arbitration Agreement ("Agreement") is entered into between Infosys Limited ("Infosys"), and its parents, subsidiaries, affiliates, successors and assigns and the employee named below ("Employee").

**CLAIMS COVERED BY THE AGREEMENT**

We agree to arbitrate before a neutral arbitrator any and all existing or future disputes or claims between Employee and Infosys, that arise out of or relate to Employee's recruitment, employment or separation from employment with Infosys, including claims involving any current or former officer, director, shareholder, agent or employee of Infosys, whether the disputes or claims arise under common law, or in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to, the following claims:

- claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law;

- claims for wrongful termination of employment, violation of public policy and constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof;

- claims for discrimination, harassment or retaliation, whether on the basis of age, sex, race, national origin, religion, disability or any other unlawful basis, under any and all federal, state, or municipal statutes, regulations, ordinances or common law, including but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and including claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, and the Worker Adjustment and Retraining Notification Act.

- claims for non-payment or incorrect payment of wages, commissions, bonuses, severance, and employee fringe benefits, stock options and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, and any federal, state, or municipal laws concerning wages, compensation or employee benefits.



EXHIBIT C

- claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the Company or options to purchase equity in the Company.

**CLAIMS NOT COVERED BY THE AGREEMENT**

Notwithstanding the above, we agree that the following disputes and claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect:

- claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance;

- claims for benefits under a plan that is governed by Employee Retirement Income Security Act of 1974 ("ERISA");

- claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law;

- any other dispute or claim that has been expressly excluded from arbitration by statute.

Nothing in this Agreement should be interpreted as restricting or prohibiting the Employee from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that the Employee may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement.

**TIME TO FILE CLAIMS**

We understand and agree that any demand for arbitration by either the Employee or Infosys shall be filed within the statute of limitation that is applicable to the claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to these rules shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

**CLASS, COLLECTIVE OR REPRESENTATIVE ACTION WAIVER**

**To the extent permitted by law, all covered claims under this Agreement must be brought in the parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding. No claims may be brought or maintained on a class, collective or representative basis either in Court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this Agreement. The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. Furthermore, if a court orders that a class, collective, or other representative or joint action should proceed, in no event will such action proceed in the arbitration forum. Claims may not be joined or consolidated in arbitration with disputes brought by other individual(s), unless agreed to in writing by all parties.**

**Any issue concerning the validity of this class, collective or representative action waiver must be decided by a Court and an arbitrator shall not have authority to consider the issue of the validity of this waiver. If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated. The arbitrator shall not have authority to hear or decide class, collective or representative actions. The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between: (i) employees and Infosys; and (ii) employee and any current or former officers, directors, employees and agents, if such individual is sued for conduct arising out of their employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.**

**FINAL AND BINDING ARBITRATION**

We understand and agree that the arbitration of disputes and claims under this Agreement shall be instead of a court trial before a judge and/or a jury. **We understand and agree that, by signing this Agreement, we are expressly waiving any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which we now have or which we may in the future have that are subject to arbitration under this Agreement. We also understand and agree that the arbitrator's decision will be final and binding on both Infosys and Employee, subject to review on the grounds set forth by the laws of the State where Employee primarily works or last worked.**

**ARBITRATION PROCEDURES**

**We understand and agree that the arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association to the extent not inconsistent with the terms of this Agreement; provided, however, that the Arbitrator shall allow the discovery authorized under the Federal Rules of Civil Procedure or any other discovery required by state law in arbitration proceedings**. Also, to the extent that any of the National Rules for the Resolution of Employment Disputes or anything in this Agreement conflicts with any arbitration procedures required by law, the arbitration procedures required by law shall govern. Employee

and Infosys also agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party.

Either party may obtain a court reporter to provide a stenographic record of proceedings.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render a written award and opinion.

Either party shall have the right, within 20 days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

The National Rules for the Resolution of Employment Disputes of the American Arbitration Association may be found on the Internet at www.adr.org. A printed copy of these rules is also available upon request.

**PLACE OF ARBITRATION**

We understand and agree that the arbitration shall take place in the county in which the Employee works or worked at the time the arbitrable dispute or claim arose.

**GOVERNING LAW**

The parties agree that Infosys is engaged in transactions involving interstate commerce. We understand and agree that this is an agreement to arbitrate under the Federal Arbitration Act. To the extent not inconsistent with the Federal Arbitration Act, this Agreement and its interpretation, validity, construction, enforcement and performance, as well as disputes and/or claims arising under this Agreement, shall be governed by the law of the state where Employee works or worked at the time the arbitrable dispute or claim arose.

**COSTS OF ARBITRATION**

We understand and agree that to the extent required by law Infosys will bear the arbitrator's fee and any other type of expense or cost that the Employee would not be required to bear if the dispute or claim was brought in court, as well as any other expense or cost that is unique to arbitration. If Employee is the party initiating the claim, Employee is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which Employee is (or was last) employed by Infosys. Infosys and Employee shall each pay their own attorneys' fees incurred in connection with the

arbitration, and the arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law. If there is a dispute as to whether Infosys or Employee is the prevailing party in the arbitration, the Arbitrator will decide this issue.

**SEVERABILITY**

We understand and agree that if any term or portion of this Agreement (other than the class, collective or representative action waiver) shall, for any reason, be declared by a Court of competent jurisdiction to be invalid or unenforceable or to be contrary to public policy or any law, such a decision shall only be binding in the jurisdiction in which the decision was made. In addition, the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

**COMPLETE AGREEMENT**

We understand and agree that this Agreement contains the complete agreement between Infosys and Employee regarding the subject of arbitration of disputes, except for any arbitration agreement in connection with any benefit plan; that it supersedes any and all prior representations and agreements between us, if any; and that it may be modified only in a writing, expressly referencing this Agreement and Employee by full name, and signed by the Chief Executive Officer of Infosys and Employee.

**NOT A CONTRACT OF EMPLOYMENT**

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of Employee's employment.

**KNOWING AND VOLUNTARY AGREEMENT**

WE UNDERSTAND AND AGREE THAT WE HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF OUR OWN CHOOSING BEFORE SIGNING THIS AGREEMENT, AND WE HAVE HAD AN OPPORTUNITY TO DO SO. WE AGREE THAT WE HAVE READ THIS AGREEMENT CAREFULLY AND UNDERSTAND THAT BY SIGNING IT, WE ARE WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE, A JURY OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.

**Infosys Limited**



**Richard Lobo**
**EVP and Head Human Resources -**
**Infosys Limited**